

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Arthur B. Knickerbocker
The Adjutant General
Austin, Texas

Dear Sir:

Opinion No. O-6343
Re: Exemption of members of the
Texas State Guard from jury
duty.

    Your letter of December 19, 1944, requesting the opinion of this Department on the question stated therein is as follows:

    "An opinion is requested of your Department with regard to Paragraph C, Section 12, Chapter 311, Acts Forty-eighth Legislature, exempting members of the Texas State Guard from jury duty.

    "I would like a ruling from the Attorney General as to whether or not this section of the law constitutes such a right as to render it incumbent upon judges of our courts, upon presentation of evidence, that a party who has been summoned for jury duty may submit to the Judge, factual statement and proof that he is a bona fide member of the Texas State Guard, and when so done, is it incumbent upon the Judge of a Court, under the law, to recognize such proof, and in such case should the Judge automatically excuse the member if he requests release from jury duty?

    "It appears that this matter is not of universal certainty among the jurists, and upon occasions a judge may release a person summoned for jury duty upon presentation of the facts that he is a Texas State Guardsman, and in other cases such jurist may decline to discharge such a person from service on the jury in a case.

"This matter has arisen in cases within this Department's activities with reference to the management, control and command of the Texas State Guard, and it is felt that an opinion in the matter from the Attorney General should be available for application when such matters arise."

Paragraph C, Section 12, Article 5891a, Vernon's Annotated Civil Statutes provides:

"No officer or enlisted man of the Texas State Guard shall be arrested on any warrant, except for treason or felony, while going to, remaining at, or returning from a place where he is ordered to attend for military duty. Every officer and enlisted man of such forces shall, during his service therein, be exempt from service upon any posse comitatus and from jury duty."

Certain classes of persons are by Article 2135, Vernon's Annotated Civil Statutes, exempt from compulsory jury duty. Among them are civil officers and persons engaged in occupations which the public interest requires to be carried on without interruption. The foregoing provision of Article 5891a, exempts members of the Texas State Guard from compulsory jury duty.

Article 2137, V. A. C. S. provides:

"All persons summoned as jurors in any court of this State, who are exempt by statutory law from jury service, may, if they so desire to claim their exemptions, make oath before any officer authorized by law to administer oaths, or before the officers summoning such persons, stating their exemptions, and file said affidavit at any time before the convening of said court with the clerk of said court, which shall constitute sufficient excuse without appearing in person."

Article 605, Vernon's Annotated Code of Criminal Procedure provides:

"Any person summoned as a juror who is exempt by law from jury service, may, if he desires to claim his exemption, make an affidavit stating his exemption,



and file it at any time before the convening of said court with the clerk thereof, which shall be sufficient excuse without appearing in person. The affidavit may be sworn to before the officer summoning such juror."

The exemption from jury duty is a personal privilege which may be claimed or waived only by the party for whose benefit it has been created. (See Tex. Jur., Vol. 21, P. 93 and the various authorities cited therein.)

Being a personal privilege, exemption from jury service may be waived. (See Tex. Jur., Vol. 26, P. 621 and the authorities cited therein.) In view of the foregoing statutes exemption from jury service may be claimed by stating the ground therefor in an affidavit sworn to before one authorized to administer oaths or before the summoning officer, and by filing the affidavit with the clerk before the convening of court.

In answer to your question you are respectfully advised that it is the opinion of this department that members of the Texas State Guard are exempt from compulsory jury service and that such exemption is a personal privilege which may be claimed or waived only by the party for whose benefit it has been created. The exemption may be claimed in the manner and at the time specified in the foregoing statutes. When a member of the Texas State Guard claims his statutory exemption from jury service at the time and in the manner prescribed by statute, it is the duty of the judge to excuse such member of the Texas State Guard if he is attending court personally and stating his exemption. If on the other hand, a member of the Texas State Guard files an affidavit, as required by statute, presenting the facts pertaining to his exemption, it is unnecessary, in that instance for him to appear in person and unless these affidavits are on file the member of the State Guard claiming the exemption should not be excused except in open court. Stated differently a juror to be exempt must appear in open court and testify to the facts upon which he bases his exemption or make a written affidavit, and file it with the clerk as is provided by statute. As stated above, when a member of the Texas State Guard claims his exemption at the time and in the manner heretofore stated, he is excused from compulsory jury duty and must be discharged from such service.

Yours very truly

APPROVED JAN 11, 1945
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By       /s/

Ardell Williams

AW:fo:ddt